## A. Klipstein & Company, Appellee, v. Frigid Fluid Company, Appellant.

### Gen. No. 14,451.

1. VERDICT—*when not disturbed.* A verdict will not be set aside as against the weight of the evidence unless clearly and manifestly so.

2. CONTRACTS—*election of remedies.* If a party refuses to receive merchandise pursuant to a contract, the other party may either treat the contract as abandoned and sue for profits or may keep the same alive until the time for deliveries has passed and sue for the difference between the contract price and the market prices at the times when the various deliveries should have been accepted.

Assumpsit. Appeal from the Circuit Court of Cook county; the Hon. SAMUEL C. STOUGH, Judge, presiding. Heard in this court at the March term, 1908. Affirmed. Opinion filed May 3, 1909.

HAMILTON & HAMILTON, for appellant.

STEELE & THOMPSON and CHARLES HUGHES, for appellee.

MR. JUSTICE HOLDOM delivered the opinion of the court.

On September 23, 1903, the parties to this suit entered into the contract set out in *haec verba* in the declaration, by which plaintiff agreed to sell to the defendant 200 carboys of formaldehyde, to be delivered to defendant at equal intervals during the succeeding twelve months, at the price of fourteen and one-half cents per pound, each delivery to be paid for within thirty days, and if paid for within ten days of delivery, such delivery so paid for was subject to a discount of one and one-half per cent. Defendant took forty carboys, but was somewhat irregular in discharging its obligation to pay for them. Plaintiff, while defendant was in arrears in making payment for carboys delivered, refused requests for more car-

boys, but, as admitted by defendant's witness Krum, when arrears were paid more carboys were delivered and accepted. Defendant claims that plaintiff refused to make further deliveries of carboys under the contract after delivering forty of them; while plaintiff insists that defendant, because of a decline in the market price of formaldehyde, refused to receive any more of the carboys. Plaintiff claimed as damages for a breach of the contract by defendant in refusing to receive the remaining 160 carboys, the difference between the contract and market price. The cause was tried before court and jury, resulting in a verdict and judgment for $638.40, from which judgment this appeal is prosecuted.

It is argued, under sufficient assignments of error, that the trial judge erred in his rulings upon the evidence and in the giving of instruction 3 to the jury, and in refusing to give other instructions requested by defendant, and that the verdict is not supported by the evidence.

A careful examination of all the evidence fails to disclose any rulings prejudicial to the defense interposed, or that was calculated to affect the merits of the case adversely to the rights and claims of defendant. The evidence on the crucial point as to whether plaintiff refused further deliveries or defendant declined to accept further deliveries, is in some conflict. The duty of reconciling the discrepancies in the testimony of the several witnesses and of harmonizing them in reaching a conclusion upon the facts, was cast upon the jury. With their finding we see no good cause to interfere. The testimony of plaintiff is all sufficient to sustain a verdict in its favor, and where the countervailing proof conflicts with such testimony it is for the jury to say whether it is of sufficient probative force to overcome the case made by plaintiff. As we are unable to say that the finding of the jury is manifestly contrary to the weight of the evidence, it is not our duty to interfere with it on that ground.

It appears quite clear to us, on a consideration of all the proofs, that the jury may have well believed that defendant intentionally broke its contract with plaintiff, and did so in an attempt to make a financial gain and to profit by the decline in the market price of formaldehyde from the contract price of fourteen and one-half cents per pound to nine and one-half or nine and three-quarters cents a pound. That the trial judge so believed is evidenced by his denial of defendant's motion for a new trial, and we do not feel inclined to dissent from such belief, but on the contrary to accord our assent to the conclusions reached by the court and jury. It is therefore patent that unless the trial judge so erred in instructing the jury as to prejudice thereby some substantial right of defendant, or that some settled principle of law has been disregarded to its detriment, the judgment appealed from must be affirmed.

The errors claimed to be inherent in the court's instructions are in argument by appellant confined to criticism of instruction 3 given at the instance of plaintiff, and the errors claimed in refusing instructions 2, 3, 7, 8 and 9, tendered by defendant are restricted in argument to instruction 3, which was given. Defendant cites and relies upon Palm v. O. & M. R. R. Co., 18 Ill. 217, and Christian Co. v. Overholt, *ibid* 223, as being decisive of the infirmity claimed as existing in instruction 3.

To ascertain the correctness of an instruction upon the law as applied to any given case, it is essential to have in mind the particular facts in such case, in order to determine the correctness of the legal principle stated in the instruction. The facts in the cases *supra* are so variant from the facts in the case at bar as not to be controlling. But as applied to the facts in this record we find no principle of law in either of the cases *supra* which was violated by the giving of the third instruction. Those decisions relate to the abandonment of the contract by the party in default.

Here plaintiff, so far from abandoning the contract, kept it in force and stood ready to make deliveries under it during the whole time covered by it. The breaches of the contract by refusal of defendant to receive further deliveries under it, constituted an abandonment by it. There was no attempt at abandonment by plaintiff, but it bided its time until the life of the contract had ended and then sued for damages sustained by non-performance on the part of defendant, the measure of which was the difference between the market and the contract price during the times when the goods should have been delivered by plaintiff and received by defendant.

Whatever may be urged against this instruction, we are unable to perceive that its effect on defendant's rights could be at all harmful. On breach of the contract by defendant plaintiff could have treated such breach as putting an end to it for all purposes of performance, and sue for the profits it would have realized if not so prevented from performing, continuing the contract in full force for such purpose only. L. S. & M. S. Ry. Co. v. Richards, 152 Ill. 59. But we are of the opinion this instruction was pertinent for the jury to apply to the evidence in the record that plaintiff declined at one time to make a delivery requested, for the reason that defendant was behindhand in not paying for goods received, according to the terms of the contract, although subsequently, on payment being made, deliveries were thereafter made by plaintiff as requested and received by defendant. These facts were not contradicted, but defendant put in as a defense to the claim, that such refusal of plaintiff was such a breach of the contract on plaintiff's part as to excuse defendant from further performance. We think, as applied to these facts, and especially having in mind the payment after refusal and subsequent deliveries under the contract, this instruction stated a correct legal principle and one necessary for the guidance of the jury.

By defendant's refusal to receive more goods under the contract, plaintiff was completely cut off from further performing its part of the contract by making other deliveries; and even under the authorities *supra* in 18 Ill., plaintiff is entitled to maintain this action to recover the profit which it would have made had defendant received the goods and paid for them at the contract price. Hosmer v. Wilson, 7 Mich. 294; Johnstone v. Milling, 16 Q. B. D. 460.

Finding no reversible error in this record, the judgment of the Circuit Court is affirmed.

*Affirmed.*